**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DEAN CLAY DRAKE, | ) | NO. CV 15-288-SVW(AS) |
| Petitioner, | ) | |
| | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| W.L. MUNIZ, Warden, | ) | |
| Respondent. | ) | |

On January 14, 2015, Petitioner, a California state prisoner proceeding *pro se*, filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" ("the Petition") (Docket Entry No. 1). The Court has the authority to *sua sponte* dismiss habeas actions under the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254, Rule 4 ("If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); see also Pagtalunan v. Galaza, 291 F.3d 639, 641 n.1 (9th Cir. 2002) (citing Rule 4). Because the instant Petition is

Case 2:15-cv-00288-SVW-AS   Document 3   Filed 01/26/15   Page 2 of 7   Page ID #:34

successive, the Court will dismiss the Petition without prejudice to Petitioner filing a new action if and when he obtains permission to file a successive petition from the Ninth Circuit Court of Appeals.

Petitioner was convicted of two counts of first degree residential burglary and sentenced to state prison for 35 years to life. (Pet. at 2). The sentence was imposed on June 26, 2000. Id. Petitioner appealed his convictions to the California Court of Appeal which reversed and remanded for further sentencing as to one of the prior conviction findings but otherwise affirmed the judgment (Case No. B144870).[1] On September 12, 2001, the California Supreme Court denied Petitioner's petition for review (Case No. S099746). On October 11, 2001, Petitioner was re-sentenced to a term of imprisonment for 30 years to life.[2] Petitioner's subsequent appeals of his convictions and sentence to the California Court of Appeal were denied on March 18, 2002 (Case No. B156911) and June 29, 2004 (Case No. B175813).

---

[1] The Court takes judicial notice of state court records that are available on the California Courts' website at http://appellatecases.courtinfo.ca.gov (last visited January 22, 2015). The website provides (1) the dates on which Petitioner filed his direct appeal to the California Court of Appeal and his petition for review to the California Supreme Court and the dates on which these appeals were decided; and (2) the dates on which Petitioner filed state habeas petitions with the California Court of Appeal and the California Supreme Court and the dates on which those petitions were denied.

[2] See Dean Clay Drake v. D.L. Runnels, No. CV 05-6104-SVW, Order Dismissing Petition at 2 (Docket Entry No. 21).

Petitioner filed the following state habeas petitions in the California Court of Appeals: a petition filed on November 21, 2013 which was denied on December 3, 2013 (Case No. B256330), and a petition filed on May 19, 2014 which was denied on May 27, 2014 (Case No. B256330).

Petitioner filed the following state habeas petitions in the California Supreme Court: a petition filed on April 30, 2002 which was denied on November 26, 2002 (Case No. S106762), a petition filed on September 10, 2004 which was denied on July 20, 2005 (Case No. S127724), a petition filed on May 1, 2006 which was denied on June 14, 2006 (Case No. S143202), a petition filed on May 9, 2006 which was denied on June 28, 2006 (Case No. S143535), a petition filed on February 20, 2014 which was denied on April 23, 2014 (Case No. S216629), and a petition filed on June 23, 2014 which was denied on September 17, 2014 (Case No. S219439).

The instant Petition asserts four grounds for relief based on alleged violations of Petitioner's Sixth and Fourteenth Amendment rights in connection with his first degree residential burglary convictions. Petitioner contends that (1) the statute he was convicted of - California Penal Code Section 459 - is overbroad; (2) the state failed to provide him with competent trial and appellate counsel; (3) California's Three Strikes Law is "invalid, unenforceable, void and without legal force;" and (4) the prosecutor mis-stated the evidence during summation. Pet. at 5-6. In response to question 10 on the form Petition, see Pet. at 7, petitioner admitted to having previously filed a federal habeas

petition in this Court challenging the same conviction on August 22, 2005.  See <u>Dean Clay Drake v. D. L. Runnels</u>, CV 05-6104 SVW (SGL)(Docket Entry No. 1) ("the prior habeas action").  On March 29, 2006, the Court issued an Order and Judgment Dismissing the prior habeas action with prejudice because the petition was untimely. (<u>Id.</u>; Docket Entry No. 21).  On August 22, 2006, the Court denied a Certificate of Appealability. (<u>Id.</u>; Docket Entry No. 27).  On January 29, 2007, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a Certificate of Appealability and denied his appeal of this Court's Judgment dismissing the prior habeas action with prejudice. (<u>Id.</u>; Docket Entry No. 31).

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996" or "AEDPA").  Courts have recognized that AEDPA generally prohibits successive petitions.

> AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions.

<u>Tyler v. Cain</u>, 533 U.S. 656, 661 (2001)(internal citation omitted).  The first exception to the successive petition bar is for claims "predicated on newly discovered facts that call into question the

accuracy of a guilty verdict." Id. At 661-62. The second exception is for "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. at 662. Pursuant to 28 U.S.C. § 2244(b)(3)-(4), the initial determination of whether a second or successive petition falls into one of these exceptions is made by the United States Court of Appeals upon a petitioner's application for an order authorizing the district court to consider a second or successive petition.

Although AEDPA does not specify what constitutes a "second or successive" petition, Hill v. Alaska, 297 F.3d 895, 897 (9th Cir. 2002), the Supreme Court, the Ninth Circuit, and its sister circuits have interpreted the term as a derivation of the pre-AEDPA "abuse-of-the-writ" doctrine. Id. at 897-98; see also Felker v. Turpin, 518 U.S. 651, 664 (1996). Under the abuse of the writ doctrine, a petition is "second or successive" if it raises claims that were or could have been adjudicated on their merits in an earlier petition. See McCleskey v. Zant, 499 U.S. 467, 494-95 (1991); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001)(citations omitted). A petition may nevertheless be second or successive even if the claims were not presented in a prior application. Cooper, 274 F.3d at 1273 (citing 28 U.S.C. § 2244(b)(2))). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir. 1998).

The instant Petition, and the prior habeas action both

challenge Petitioner's custody pursuant to the same 2000 judgment entered by the Los Angeles Superior Court. See Pet. at 2; Dean Clay Drake v. D. L. Runnels, CV 05-6104 SVW (Docket Entry Nos. 1, 21). Accordingly, the instant Petition is "second or successive" for purposes of 28 U.S.C. § 2244. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (petition was "second or successive" where asserted claims contested the same custody imposed by the same judgment of a state court that were challenged in the initial petition).

Moreover, the claims asserted in the instant petition do not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claims are not based on newly discovered facts or a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Tyler v. Cain, 533 U.S. at 662. However, this determination must be made by the United States Court of Appeals upon a petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); See also Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). Because Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present

Petition.  See Burton v. Stewart, 549 U.S. at 157.

   For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

   LET JUDGMENT BE ENTERED ACCORDINGLY.

   DATED: January 26, 2015.

                              _____
                                   STEPHEN V. WILSON
                              UNITED STATES DISTRICT JUDGE